UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARROW MANUFACTURING, INC.,

    Plaintiff,

v.

KINGSLEY TRUCK AND TRAILER
SALES OF MICHIGAN, LLC and
MATTHEW DENNIS O'CONNOR,

    Defendants.

Case No. 2:16-cv-14345

Hon. Denise Page Hood

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#14]

### I. BACKGROUND

Plaintiff Arrow Manufacturing, Inc. ("Arrow") is an Iowa corporation that, among other things, manufactures ambulances. Defendant Kingsley Truck and Trailer Sales of Michigan, LLC ("Kingsley") is a vehicle dealership licensed with the State of Michigan. On November 15, 2016, Arrow paid Defendant Kingsley ("Kingsley") $320,000 for the purchase of ten trucks, which sum was wired to an account designated by Defendant Matthew Dennis O'Connor ("O'Connor"). Arrow was

purchasing the ten trucks from Kingsley and O'Connor because Arrow had arranged to resell the trucks to I-294 Truck Sales for a net profit of $20,000.

I-294 Truck Sales paid Arrow $340,000.00 for the trucks, but Kingsley never delivered the trucks to Arrow. Once Arrow learned that it would never receive the ten trucks, Arrow returned the $340,000.00 to I-294 Truck Sales. As a result, Arrow lost $320,000.00 paid to Defendants that was never refunded, as well as Arrow's expected profit of $20,000.00.

On December 14, 2016, Arrow initiated this lawsuit and served the Summons and Complaint upon Kingsley's registered agent, United States Corporation Agents, Inc., at 336 W. First Street, Suite 113, Flint, Michigan 48502. On December 21, 2016, Arrow served the Summons and Complaint upon O'Connor personally. Defendants failed to appear, answer, or otherwise file a responsive pleading to this proceeding. On January 9, 2017, upon application by Arrow, the Clerk of the Court entered a Default against Kingsley. On January 12, 2017, upon application by Arrow, the Clerk of the Court entered a Default against O'Connor.

On January 25, 2017, Arrow filed the instant Motion for Default Judgment. [Dkt. No. 14] Arrow represents that it served the Motion upon Defendants through first class mail. Defendants did not file any response to the Motion, and Defendants did not appear at the March 13, 2017 hearing on Plaintiff's Motion.

## II. ANALYSIS

*A.    Legal Standard*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006). After a default has been entered, a court may enter a default judgment against a defendant who fails to defend its case. *Flynn v. Williams Masonry*, 233 F.R.D. 176, 177 (D.D.C. 2005), *amended sub nom. Flynn v. Masonry*, 444 F. Supp. 2d 221 (D.D.C. 2006).

Under Fed. R. Civ. P. 55(b)(2), the "Court may conduct an accounting, determine the amount of damages, establish the truth of any allegations by evidence, or investigate any other matter." *Green v. Nationwide Arbitration Services, LLC*, No. 14-14280, 2015 WL 7717165, *1 (E.D. Mich. Nov. 30, 2015). A judgment by default does not require a hearing on damages where the amount claimed is "liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

B. *Default Judgment is Warranted*

Defendants fail to provide the Court with any reason for not answering or otherwise filing a responsive pleading to the Complaint. Plaintiff seeks a sum certain amount of $340,000, and the Court finds that amount is fully supported by the sworn declaration of Arrow's president and the supporting documents submitted by Arrow. The Court finds that Arrow gave Defendants $320,000.00 to purchase ten trucks and never received the trucks or a refund. The Court also finds that Arrow had arranged to sell the trucks for a profit of $20,000, as evidenced by the payment of $340,000 from I-294 Truck Sales to Arrow. For these reasons, the Court finds that Arrow is entitled to default judgment against Kingsley and O'Connor in the amount of $340,000.

## III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion for Default Judgment [#14] is **GRANTED**. Judgment shall be entered accordingly.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 15, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 15, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager